IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF TENNESSEE
AT NASHVILLE

| | |
|---|---|
| JACLYN DUKE, | ] |
| Plaintiff, | ] |
| vs. | ] Case No: |
| INFINITY HOSPITALITY, | ] JURY DEMAND |
| Defendant. | ] |

# COMPLAINT

Comes now the Plaintiff, Jaclyn Duke, by and through counsel and for cause of action will respectfully show to the Court as follows:

## JURISDICTION & VENUE

1. This action involves the application of the Americans with Disabilities Act, as Amended ("ADA"), 42 U.S.C. § 12101, *et seq*.

2. This Court has jurisdiction over Plaintiff's claims pursuant to 28 U.S.C. § 1331.

3. The claims asserted in this action arose in Nashville, Davidson County, Tennessee; therefore, proper venue for this action lies within the Middle District of Tennessee pursuant to 28 U.S.C. § 1391.

## ADMINISTRATIVE PREREQUISITE

4. Plaintiff has fulfilled all conditions precedent to the institution of this action under 42 U.S.C.A. § 2000e. A Notice of Right to Sue was issued on July 31, 2023, a true and correct copy of which is attached hereto as Exhibit A. Further, Defendant employs more than fifteen employees.

## PARTIES

5. Plaintiff, Jaclyn Duke (hereinafter "Plaintiff" or "Ms. Duke") is an adult female individual and citizen of the United States who resides in Nashville, Tennessee.

6. At all relevant times, Ms. Duke was an employee of Infinity Hospitality (hereinafter "Defendant" or "Infinity"), within the meaning of the Americans with Disabilities Act, as amended ("ADA"), 42 U.S.C. § 12101, *et seq.*

7. Defendant is a domestic limited liability company or similar business entity and regularly conducts business at 345 Hill Ave, Nashville, Tennessee 37210.

8. At all relevant times, Defendant engaged in commerce or in an industry or activity affecting commerce and employed fifteen (15) or more employees for each working day during each of twenty (20) or more calendar workweeks in the current or preceding calendar year pursuant to 42 U.S.C. § 12101, the Americans with Disabilities Act.

## FACTUAL ALLEGATIONS

9. Defendant, Infinity, hired Ms. Duke around September 2021.

10. Ms. Duke worked as an Event Coordinator at Infinity until approximately December 2, 2021.

11. Ms. Duke's job duties included coordination of client meetings, responding to client emails and phone calls, and other event administration.

12. Ms. Duke worked one or two days at home per week, with the remaing three to four days worked in the office.

13. Throughout her employment, Ms. Duke performed all of her duties successfully and never received any discipline or performance criticisms.

14. On September 24, 2021, Ms. Duke fell while working and injured her foot.

15. The following day, Ms. Duke sought medical attention and was advised to rest.

16. Due to her jobs demands, Ms. Duke was unable to take meaningful rest to recover due to her job demands.

17. The next week Ms. Duke saw another medical provider.

18. During this appointment, the medical provider informed Ms. Duke that she would need to begin physical therapy in order to treat her foot injury.

19. In or around late October 2021 Ms. Duke underwent an MRI and confirmed that her foot was broken.

20. The doctor advised Ms. Duke to only work four or five hours per day on her feet and to keep her foot elevated.

21. Due to her injury, Ms. Duke requested altering her hybrid work schedule.

22. Defendant approved Ms. Duke working half the day at the office and half the day at home.

23. Ms. Duke continued to receive medical treatment for her injury into December.

24. On or around December 1, 2021, Ms. Duke provided Defendant's Human Resources Department with updated medical documentation.

25. At this time, Ms. Duke needed to continue to work a hybrid schedule in order to heal her foot.

26. In response, Defendant informed Ms. Duke that she would be required to work a full eight-hour day on her feet and potentially overtime.

27. The following day Defendant terminated Ms. Duke without stated cause.

28. Defendant terminated Ms. Duke in violation of the Americans with Disabilities Act.

29. Any reason stated by Defendant is pretext.

30. Plaintiff was terminated based on her disability and/or perceived disability.

**COUNT I – VIOLATIONS OF AMERICANS WITH DISABILTIES ACT**

**(DISABILITY DISCRIMINATION)**

31. Plaintiff re-alleges and incorporates herein the foregoing paragraphs.

32. Plaintiff was a qualified individual with a disability and/or perceived as an individual with a disability.

33. Plaintiff was disabled in that she had an impairment which substantially limited one or more major life activities and/or major bodily functions.

34. Defendant discriminated against Plaintiff on the basis of her disability in violation of the ADA, 42 U.S.C. § 12112, *et. seq*.

35. Plaintiff could perform the essential functions of her job with or without reasonable accommodation.

36. Defendant was aware of Plaintiff's disability.

37. Defendant failed to engage in the interactive process with Plaintiff.

38. Defendant failed to provide Plaintiff with reasonable accommodations.

39. Defendant retaliated against Plaintiff because she engaged in protected activity under the ADA.

40. As a direct and proximate result of Defendant's unlawful acts, Plaintiff suffered and continues to suffer emotional pain, suffering, professional and personal embarrassment, humiliation, loss of enjoyment of life, inconvenience and lost earnings and benefits.

41. As a result, Plaintiff is entitled to recover her damages, including lost wages and benefits, compensatory and punitive damages, attorneys' fees, costs, interest, reinstatement or front pay and benefits, and any other legal and equitable relief to which she may be entitled.

**COUNT II – VIOLATION OF AMERICANS WITH DISABILTIES ACT**
**(RETALIATION)**

42. Plaintiff re-alleges and incorporates herein the foregoing paragraphs.

43. Plaintiff was a qualified individual with a disability and/or perceived as an

individual with a disability.

44. Plaintiff was disabled in that she had an impairment which substantially limited one or more major life activities and/or major bodily functions.

45. Defendant discriminated against Plaintiff on the basis of her disability in violation of the ADA, 42 U.S.C. § 12112, et. seq.

46. Plaintiff could perform the essential functions of her job with or without reasonable accommodation.

47. Defendant was aware of Plaintiff's disability.

48. Defendant retaliated against Plaintiff because she engaged in protected activity under the ADA.

49. As a direct and proximate result of Defendant's unlawful acts, Plaintiff suffered and continues to suffer emotional pain, suffering, professional and personal embarrassment, humiliation, loss of enjoyment of life, inconvenience and lost earnings and benefits.

50. As a result, Plaintiff is entitled to recover her damages, including lost wages and benefits, compensatory and punitive damages, attorneys' fees, costs, interest, reinstatement or front pay and benefits, and any other legal and equitable relief to which she may be entitled.

**COUNT III – VIOLATIONS OF AMERICANS WITH DISABILTIES ACT**
**(FAILURE TO ENGAGE IN THE INTERACTIVE PROCESS)**

51. Plaintiff re-alleges and incorporates herein the foregoing paragraphs.

52. Plaintiff was a qualified individual with a disability and/or perceived as an individual with a disability.

53. Plaintiff was disabled in that she had an impairment which substantially limited one or more major life activities and/or major bodily functions.

54. Defendant discriminated against Plaintiff on the basis of her disability in violation

of the ADA, 42 U.S.C. § 12112, et. seq.

55. Plaintiff could perform the essential functions of her job with or without reasonable accommodation.

56. Defendant was aware of Plaintiff's disability.

57. Defendant failed to engage in the interactive process with Plaintiff to determine whether she could perform the essential functions of her job with or without a reasonable accommodation.

58. As a direct and proximate result of Defendant's unlawful acts, Plaintiff suffered and continues to suffer emotional pain, suffering, professional and personal embarrassment, humiliation, loss of enjoyment of life, inconvenience and lost earnings and benefits.

59. As a result, Plaintiff is entitled to recover her damages, including lost wages and benefits, compensatory and punitive damages, attorneys' fees, costs, interest, reinstatement or front pay and benefits, and any other legal and equitable relief to which she may be entitled.

**COUNT IV - VIOLATIONS OF AMERICANS WITH DISABILTIES ACT**
**(FAILURE TO ACCOMMODATE)**

60. Plaintiff re-alleges and incorporates herein the foregoing paragraphs.

61. Plaintiff was a qualified individual with a disability and/or perceived as an individual with a disability.

62. Plaintiff was disabled in that she had an impairment which substantially limited one or more major life activities and/or major bodily functions.

63. Defendant discriminated against Plaintiff on the basis of her disability in violation of the ADA, 42 U.S.C. § 12112, et. seq.

64. Plaintiff could perform the essential functions of her job with or without reasonable accommodation.

65. Defendant was aware of Plaintiff's disability.

66. Defendant failed to provide Plaintiff with reasonable accommodations.

67. As a direct and proximate result of Defendant's unlawful acts, Plaintiff suffered and continues to suffer emotional pain, suffering, professional and personal embarrassment, humiliation, loss of enjoyment of life, inconvenience and lost earnings and benefits.

68. As a result, Plaintiff is entitled to recover her damages, including lost wages and benefits, compensatory and punitive damages, attorneys' fees, costs, interest, reinstatement or front pay and benefits, and any other legal and equitable relief to which she may be entitled.

**WHEREFORE**, Plaintiff respectfully asks the Court:

(1) That a trial by jury be held on all triable issues;

(2) Judgement in favor of Plaintiff and against Defendant on all Counts in this action;

(3) Declaratory judgment that the practices complained of are unlawful and void, and injunctive relief prohibiting the Defendant from again violating the law in the manner described herein;

(4) Back pay, benefits, and other appropriate economic damages;

(5) Front pay;

(6) Compensatory damages for emotional distress, humiliation, and pain and suffering, and/or appropriate compensatory damages to the maximum allowed under the ADAAA.

(8) All reasonable attorney's fees, costs and expenses;

(9) Pre-judgment interest and, if applicable, post-judgment interest;

(10) Tax offset for the increased tax liability of the back pay award; and

(11) Such other legal or equitable relief as may be appropriate or to which she may be entitled.

**THE EMPLOYMENT & CONSUMER LAW GROUP**

/s/ LAUREN IRWIN
**BRANDON HALL, BPR No. 034027**
**LAUREN IRWIN, BPR No. 038433**
1720 West End Ave, Suite 402
Nashville, TN 37203
(615) 850-0632
bhall@eclaw.com
lauren@eclaw.com

*Attorney for Plaintiff*